**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| ANTHONY E. GOZDOWSKI, § | |
|     PETITIONER, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:04-CV-768-A |
| DOUGLAS DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS § | |
| DIVISION, § | |
|     RESPONDENT. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Anthony E. Gozdowski, TDCJ-ID #1000320, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

In 1999, Gozdowski was charged by indictment in state court with multiple counts of

aggravated sexual assault of his step-daughter K.S., a child younger than 14 years of age.  (State Habeas R. at 110-11)  The state waived all but two counts, and trial commenced on August 15, 2000. (2Reporter's R. at 8)  At trial, the evidence showed that Gozdowski sexually assaulted K.S. on numerous occasions in the family home and threatened to punish her if she told anyone about the abuse.  (4Reporter's R. at 28-63)  On August 17, 2000, the jury found Gozdowski guilty on both counts and assessed his punishment at fifty years' confinement on each count, the sentences to run concurrently.  (*Id.* at 112)  Gozdowski appealed his convictions, but the Second District Court of Appeals affirmed the trial court's judgment on May 2, 2002.  *Gozdowski v. Texas*, No. 2-00-334-CR, slip op. (Tex. App.–Fort Worth May 2, 2002) (not designated for publication).  On October 2, 2002, the Texas Court of Criminal Appeals refused Gozdowski's petition for discretionary review. *Gozdowski v. Texas*, PDR No. 962-02.  Gozdowski also filed a state application for writ of habeas corpus challenging his convictions, which was denied on August 25, 2004 by the Texas Court of Criminal Appeals without written order on the findings of the trial court.  *Ex parte Gozdowski*, No. 58,562-01, at cover.  Gozdowski filed this federal petition for writ of habeas corpus on October 20, 2004.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).  Dretke has filed an answer with supporting documentary exhibits, to which Gozdowski has replied.

**D.  ISSUES**

In four grounds, Gozdowski raises the following issues:

(1)  The prosecutor engaged in prosecutorial misconduct;

(2)  He received ineffective assistance of counsel at trial;

(3)  He received ineffective assistance of counsel on appeal; and,

2

(4) The jury was unconstitutionally empaneled. (Petition at 7-8)

**E. RULE 5 STATEMENT**

Dretke believes that Gozdowski has sufficiently exhausted his state remedies on the claims presented, as required by 28 U.S.C. § 2254(b)(1), but that one or more of the claims are procedurally barred. (Resp't Answer at 5)

**F. PROCEDURAL DEFAULT**

Dretke contends the claims raised under Gozdowski's first ground, with the exception of (b) below, and his fourth ground are procedurally barred from federal habeas review because the state courts found the claims to be procedurally barred. (*Id.* at 9-10) Under his first ground, Gozdowski raises numerous claims of alleged prosecutorial misconduct. The claims are construed as follows: the prosecution (a) created juror bias by rehabilitating potential jurors and injecting prejudicial statements during voir dire, (b) withheld evidence favorable to the defense, ©) submitted improper notice of expert testimony under article 39.14 of the Texas Code of Criminal Procedure, (d) introduced extraneous offense evidence without proper notice according to state rules of evidence and of court, (e) failed to notify the jurors of the defense's election, (f) gave a prejudicial parole eligibility instruction to the jury, (g) rehabilitated the nurse examiner's testimony to corroborate the child victim's, (h) directed the state's witness with "injected questions," and (I) allowed a "fatal variance" between witness testimonies. (Petition at 7; Pet'r Memorandum in Support, Ground No. 1, at 1) Gozdowski raised (b) on appeal and in his state habeas application, however, the remaining claims were raised for the first time in his state habeas application. Similarly, Gozdowski's claim under his fourth ground regarding improper empanelment of the jury was raised for the first time in his state habeas application.

3

In Texas writ jurisprudence, habeas corpus lies only to review jurisdictional defects or denials of fundamental or constitutional rights. *See Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989). Complaints subject to a harmless error analysis are not cognizable. *See Ex parte Truong*, 770 S.W.2d 810, 813 (Tex. Crim. App. 1989). Finally, discrepancies in witness testimony are not cognizable on application for writ of habeas corpus, and a reviewing court will defer to the fact finder regarding matters of witness credibility. *See Swearington v. Texas*, 101 S.W.3d 89, 98 (Tex. Crim. App. 2003); *Turro v. Texas*, 867 S.W.2d 43, 48 (Tex. Crim. App. 1993); *Beardsley v. Texas*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987).

Relying on these principles, the state courts found that the relevant claims were not cognizable on state habeas review and were improperly included in Gozdowski's state habeas application. (State Habeas R. at 104-05, 107) These grounds for denial of relief are adequate state grounds to support the state courts' denial of habeas relief and are independent of federal law. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Under these circumstances, federal habeas corpus relief is barred unless the petitioner can show either (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime for which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman*, 501 U.S. at 750; *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001). Gozdowski does not plead cause and prejudice in his reply to Dretke's answer and merely asserts that Texas case law "holds no federal precedent."[1] (Pet'r Objections at

---

[1] Gozdowski does argue under his third ground that his appellate counsel was ineffective by failing to raise one or more of the defaulted claims on direct appeal. (Pet'r Memorandum in Support, Ground No. 3, p. 1) In certain circumstances counsel's ineffectiveness in failing to properly preserve a claim for review in state court will suffice to excuse a procedural default. *See Edwards*
(continued...)

7) Nor does he demonstrate that he is actually innocent of the offenses for which he was convicted. Accordingly, Gozdowski's claims under his first ground, except for (b), and his claim under his forth ground, not properly raised in state court, are barred from federal review.

**G. DISCUSSION**

**1. Legal Standard for Granting Habeas Corpus Relief**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *See Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state

---

[1](...continued)
*v. Carpenter*, 529 U.S. 446, 451 (2000). However, because Gozdowski has failed to demonstrate ineffective assistance of appellate counsel, see discussion *infra*, this is not such a case.

court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *See Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as the court did here, it is an adjudication on the merits, which is entitled to this presumption. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Prosecutorial Misconduct

Gozdowski contends the prosecution withheld favorable evidence in the form of a victim impact statement. (Pet'r Memorandum in Support, Ground No. 1 at 13) Federal due process requires the prosecution to disclose material, exculpatory information to an accused. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under state law, the discoverability of victim impact statements is governed by article 56.03 of the Texas Code of Criminal Procedure, which provides:

> A victim impact statement is subject to discovery under Article 39.14 of this code before the testimony of the victim is taken only if the court determines that the statement contains exculpatory material.

TEX. CODE CRIM. PROC. ANN. art. 56.03(g) (Vernon Supp. 2005).

At trial, Gozdowski requested a copy of the victim impact statement, which was received by the state before trial, for purposes of cross-examining the victim's mother, who prepared the statement. (4Reporter's R. at 127-28) Pursuant to the statutory provision, the trial court reviewed the statement and found that the statement contained no information relevant to cross-examination of the mother. (*Id.* at 128) The appellate court found that this ruling, by implication, indicated that

6

the document did not contain exculpatory material, and, after reviewing the document itself, the appellate court agreed. *Gozdowski*, No. 2-00-334-CR, slip op. at 4. On state habeas review, the state courts again found that the document contained no exculpatory material. (State Habeas R. at 105) This finding is presumed to be correct absent clear and convincing evidence in rebuttal, such showing not having been made by Gozdowski. 28 U.S.C. § 2254(e)(1). Assuming then that the document contained no exculpatory material, Gozdowski cannot establish a *Brady* violation.[2]

### 3. Ineffective Assistance of Counsel

In his third and fourth grounds, Gozdowski raises numerous allegations of ineffective assistance of counsel at trial and on appeal. (Pet'r Memorandum in Support, Ground Nos. 2 & 3) A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. *See* U.S. CONST. amends. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668,

---

[2] A copy of the victim impact statement is not included in the state court papers filed by the parties in this proceeding. (8Reporter's R., Court's Exhibit 1)

688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness. *See Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (citing *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on reh'g)). Further, appellate counsel is not required to urge every possible argument urged by his client on appeal, regardless of merit. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *See Jones v. Barnes*, 463 U.S. 745, 749 (1983).

Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence presented. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state courts' application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

Gozdowski raised his ineffective assistance claims in his state habeas application, and, in support, presented five affidavits of various family members, a long-time friend, and a coworker indicating that had they been subpoenaed and/or called to testify, they would have testified favorably

for the defense as to certain alleged extraneous offenses and/or Polk's character.[3] (1st Supp. Clerk's R. at 21, 23, 27, 30, 39) In response, Gozdowski's trial and appellate counsel filed affidavits addressing his claims. (State Habeas R. at 85, 95) Thereafter, the state trial court entered findings of fact refuting Gozdowski's allegations and concluded that Gozdowski had failed to prove deficient performance on the part of counsel or that the result of his trial or appeal would have been different but for counsel's alleged deficiencies.[4] (*Id.* at 102-07)

Having independently reviewed Gozdowski's claims, and applying the appropriate deference to the state courts' adjudication of the claims, it cannot be said that the state courts' application of *Strickland*'s attorney-performance standard was erroneous or objectively unreasonable. *See Bell*, 535 U.S. at 698. The trial court apparently accorded credibility to counsel's affidavits, and this credibility determination is entitled to a presumption of correctness. *See Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997); *Carter v. Collins*, 918 F.2d 1198, 1202 (5th Cir. 1990). Thus, assuming counsel's testimony to be true, Gozdowski cannot satisfy the first prong of *Strickland*. Moreover, in light of the particular circumstances of the offenses, Gozdowski cannot establish a reasonable probability that the result of his trial or his appeal would have been different had his attorneys'

---

[3] In this federal proceeding, Gozdowki also presents a signed statement of a fellow inmate, Phillip Earl Lydia, in which Lydia alleges that Ray provided ineffective of assistance to him in his criminal case. Lydia's allegations, however, have no direct bearing on Ray's representation of Gozdowski.

[4] To the extent the state trial court did not enter express findings on a particular claim, a federal habeas court may imply fact-findings from the state court's disposition of a federal claim that turns on the factual issue. *Townsend v. Sain*, 372 U.S. 293, 314 (1963); *Farmer v. Caldwell*, 476 F.2d 22, 24 (5th Cir. 1973); *Dempsey v. Wainwright*, 471 F.2d 604, 606 (5th Cir. 1973). As previously noted, the presumption of correctness applies equally to explicit findings of fact as well as those findings of fact implicit in the state courts' mixed law and fact conclusions. *See Valdez*, 274 F.3d at 948 n.11.

performance not been deficient in any of those many respects.

In conclusion, to the extent the state courts considered Gozdowski's claims, the record supports the state courts' determination of the claims raised. The state courts' determination is not contrary to or involve an unreasonable application of federal law in light of the record as a whole and is entitled to deference and the presumption of correctness.

## II.  RECOMMENDATION

Gozdowski's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 27, 2005. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. ( 636, it is ORDERED that each party is granted until April 27, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 6, 2005.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE