U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 3 2005

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY E. GOZDOWSKI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:04-CV-768-A |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

ORDER

Came on for consideration the above-captioned action wherein Anthony E. Gozdowski is petitioner and Douglas Dretke is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 6, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by April 27, 2005. On April 27, 2005, petitioner filed his written objections. See, e.g., Spotville v. Cain, 149 F.3d 374, 376-77 (5th Cir. 1998) (holding that a prisoner's pro se habeas petition is deemed filed when delivered to prison officials). Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or

conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Petitioner raised four grounds in his federal petition: (1) prosecutorial misconduct; (2) ineffective assistance of counsel at trial; (3) ineffective assistance of counsel on appeal; and (4) unconstitutional empaneling of the jury.

The magistrate found that petitioner's first ground, except to the extent it was based on an alleged failure to provide exculpatory evidence, and his fourth ground were procedurally barred because petitioner did not properly raise such grounds in state court. Petitioner objects that his fourth ground is not procedurally barred, because " the appellate attorney could not have discovered the other evidence in documentation that the [p]etitioner later exhibited on his [s]tate [h]abeas [p]etition . . . ." Obj. at 4. However, petitioner has failed to show how any of the exhibits attached to his state petition or to his federal petition are relevant to petitioner's fourth ground. Moreover, it is clear from the memoranda supporting petitioner's state and federal petitions that the facts relating to ground four were ascertainable at the time of trial. Therefore, such objection is overruled.

As to petitioner's other objections, most of which do not address the grounds of the magistrate's findings, conclusions, and recommendation, the court concludes they are without merit. Accordingly,

2

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED May 3, 2005.

_____
JOHN McBRYDE
United States District Judge

3